**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>Post-Effective Date Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered |
| MOHSIN Y. MEGHJI, LITIGATION ADMINISTRATOR, AS REPRESENTATIVE FOR THE POST-EFFECTIVE DATE DEBTORS,<br><br>Plaintiff,<br><br>v.<br><br>ANTOINE CASTEL, *et al.*,<br><br>Defendants. | Civil No. 1:26-cv-03749 (LGS)<br><br>Adv. Proc. No. 24-04004 (MG) |
| MOHSIN Y. MEGHJI, LITIGATION ADMINISTRATOR, AS REPRESENTATIVE FOR THE POST-EFFECTIVE DATE DEBTORS,<br><br>Plaintiff,<br><br>v.<br><br>WALLET OWNER 0xdbc13e67f678cc00591920cece4dca6322a79ac7, *et al.*,<br><br>Defendants. | Civil No. 1:26-cv-03750 (LGS)<br><br>Adv. Proc. No. 24-04005 (MG) |

## MOTION TO STAY INTERLOCUTORY APPEAL

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 1209 Orange Street, Wilmington, Delaware 19801.

Pursuant to Federal Rule of Bankruptcy Procedure 8013, Appellee Mohsin Y. Meghi, Litigation Administrator, as Representative for the Post-Effective Date Debtors ("**Litigation Administrator**"), hereby respectfully moves to stay all deadlines in the above-captioned interlocutory appeals, pending resolution of the Litigation Administrator's forthcoming motion to dismiss.

1.     These appeals arise from the bankruptcy court's entry of defaults in adversary proceedings initiated by the Litigation Administrator against Appellant Arben Kane, who owns Appellant Wallet Owner 0xd3C8e3E8DCD89Ae98fBa866dB20ae72DC2Ee75a3, Appellant Wallet Owner 0xbf7c232b80ad3131d69234cc820ccd26a3f6a823, and Appellant Wallet Owner 0x6c7Ce9f8aFA19976f8BFa233EEed5b0a72d4E16c.  *See* Mem. Op. 2.   In the single Memorandum Opinion and Order (attached as Exhibit A) being appealed in both No. 1:26-cv-3749 and No. 1:26-cv-3750, the bankruptcy court denied Appellants' requests to set aside the defaults.  *Id.* at 6-7.  In doing so, the bankruptcy court made clear that "a subsequent damages inquest will determine the amount of any judgment that will be entered."  *Id.* at 7.

2.     Because the bankruptcy court has yet to conduct its damages inquest, its denial of Appellants' requests to set aside the defaults is interlocutory.  *See, e.g.*, *Swarna v, Al-Awadi*, 622 F.3d 123, 140-41 (2d Cir. 2010) ("[T]he entry of a default judgment conditional on an inquest on damages is an interlocutory act and therefore

not ordinarily appealable."); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) ("The entry of default is an interlocutory act and, as such, a non-final order. It is therefore not appealable[.]").

3.    Appellants may appeal a bankruptcy court's interlocutory order to this Court only by seeking leave. *See* 28 U.S.C. §158(a)(3). When Appellants noticed their appeals, however, they did not comply with the requirement that a notice of appeal "be accompanied by a motion for leave to appeal." FED. R. BANKR. P. 8004(a)(2). Accordingly, the Litigation Administrator intends to file promptly a motion to dismiss the interlocutory appeals.

4.    In order to conserve the Court's and the parties' resources, and to avoid the unnecessary incurrence of legal expenses that will diminish creditor recoveries, the Litigation Administrator moves to stay all appellate deadlines pending the resolution of its forthcoming motion to dismiss. *See, e.g.*, *De Oliveira v. Tenet Healthcare*, No. 25-cv-01683, 2025 WL 2646001, at *1 (S.D.N.Y. Sept. 15, 2025) ("[T]he Court stayed these consolidated cases pending the filing of anticipated motions to dismiss[.]"); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

5.     This Court has issued scheduling orders in both appeals adopting various time limits for (i) designating items to be included in the record on appeal and filing a statement of issues, and (ii) serving and filing briefs. *See, e.g.*, No. 1:26-cv-3479, ECF No. 3.  The time for designating items to be included in the record on appeal and filing a statement of issues has not begun yet, because Appellants' initial 14-day period for doing so runs from the date on which this Court "enter[s]" an "order granting leave to appeal"—which has not occurred.  FED. R. BANKR. P. 8009(a)(1)(B).  Similarly, Appellants' deadline to file an opening brief would not be set until the Litigation Administrator files its designation of additional items to be included in the record and a docketing notice reflects that the record has been transmitted or is available electronically.  *See* FED. R. BANK. P. 8009(a)(2)(A); FED. R. BANK. P. 8018(a)(1).  Nonetheless, in light of this Court's issuance of scheduling orders and the Litigation Administrator's intention to file a motion to dismiss, the Litigation Administrator seeks a stay of all appellate deadlines in an abundance of caution.

Dated:     May 13, 2026               Respectfully Submitted
           New York, New York

                                By:  */s/ Mitchell P. Hurley*
                                     Mitchell P. Hurley
                                     AKIN GUMP STRAUSS HAUER & FELD
                                     LLP
                                     One Bryant Park
                                     New York, New York 10036
                                     Telephone:  (212) 872-1000
                                     Facsimile:  (212) 872-1002

Z.W. Julius Chen (*pro hac vice* forthcoming)
Natalia Heguaburo (*pro hac vice* forthcoming)
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

Elizabeth D. Scott (*pro hac vice* forthcoming)
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone:  (214) 969-2800
Facsimile:  (214) 969-4343

*Counsel for Plaintiff*

Defendants shall file any response to the Motion to Stay by **May 21, 2026**.  So Ordered.

The Clerk of Court is respectfully directed to docket this Order in Case Nos. 26 Civ. 3749 and 26 Civ. 3750.

Dated: May 14, 2026
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rules of Bankruptcy Procedure 8013(f) and 8015(h), Federal Rule of Appellate Procedure 27(d), and Local Civil Rule 7.1(d) of the Southern District of New York, the undersigned certifies that this motion complies with the applicable type-volume limitation of Federal Rule of Bankruptcy Procedure 8013(f)(3)(A) because the motion contains 725 words. This motion also complies with the typeface requirements of Federal Rules of Appellate Procedure 27(d) and 32(a)(5) and (6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

*/s/ Mitchell P. Hurley*
Mitchell P. Hurley